[No. 29204. Department Two. June 22, 1944.]

THE STATE OF WASHINGTON, *Respondent*, v. ROY L. SHEFFIELD, *Appellant*.[1]

*Tworoger, Horr & Franco,* for appellant.

*Lloyd Shorett* and *John E. Prim,* for respondent.

MILLARD, J.—Defendant was, by information, charged on two counts with the crime (Rem. Rev. Stat., § 2440 [P. C. § 9112], subd. 5) of accepting the earnings of a common prostitute. Over objection of counsel for defendant, the depositions of two material state witnesses, who were absent from the state, were admitted in evidence. Trial to a jury resulted in a verdict of guilty. Defendant prosecutes this appeal from judgment and sentence entered against him upon the verdict.

Denial of appellant's motion to exclude the depositions, on the ground that appellant was not represented by counsel at the time the depositions were taken, is assigned as reversible error.

[1]Reported in 149 P. (2d) 936.

The depositions are those of the two prostitutes from whom it was charged that appellant accepted earnings. The warrant for arrest of appellant was issued June 11, 1943. The depositions were taken before a committing magistrate June 12, 1943. The supplemental transcript of the record of the committing magistrate is to the effect that the state appeared by the prosecuting attorney for King county; that defendant was arraigned and entered a plea of not guilty to the two counts of the complaint against him; that defendant appeared in person and by counsel, William Wray, and that the two witnesses were sworn and testified for the state. Appellant was bound over to the superior court for trial, and the committing magistrate entered an order that appellant post sufficient bond to assure his appearance in superior court or remain in custody until the time of the trial. The information under which appellant was tried and convicted was filed June 15, 1943.

█ Counsel now representing appellant were not present when the depositions were taken and did not represent appellant at that time. On the ground that appellant was not represented by counsel at the time the depositions were taken, as required by the statute (Rem. Rev. Stat., § 2306 [P. C. § 9137]), counsel for appellant moved that the depositions be excluded.

The state argued that, as the two prostitutes could not furnish bonds, their depositions were taken under the provisions of Rem. Rev. Stat., § 1962 [P. C. § 9608]; that the depositions were taken upon notice, and appellant was present throughout, together with his then attorney, Mr. William Wray, who cross-examined the two prostitutes at length; that the testimony of the two prostitutes was reduced to writing as required by the statute (Rem. Rev. Stat., § 1962); that the witnesses were brought back before the magistrate, their testimony read to them in the presence of appellant, and that the two witnesses were afforded opportunity to make whatever corrections they desired.

To sustain the state's position that appellant was present with his counsel when the depositions were taken by the magistrate, a police officer testified that shortly after appel-

lant was arrested he requested the police officer to call Mr. William Wray, an attorney at law, and ask him to visit the appellant in the county jail. Mr. Wray, who represents a bail bondsman in Seattle, was present at the time the depositions were taken and cross-examined the two witnesses. He testified positively that he never at any time represented appellant, and that he never visited appellant at any time since his incarceration on the last charge against him. He further testified that he is an attorney for a bond company, and, as its representative, he was present at the hearing before the committing magistrate and cross-examined the two witnesses, for the purpose of making a report to his bond company whether appellant should have a bond.

Appellant testified that when he was first arrested he was not incarcerated; that he was required merely to give bond "and the bond man came over and put the bond up." Later, he was rearrested and held in jail on an open charge for two days, during which time he requested the police officer to call attorney Wray; that Mr. Wray was called, not to represent him as an attorney but simply to see, as a representative of the bonding company, whether that company would become surety for his appearance at the time of trial.

It may be that the committing magistrate assumed that Mr. Wray was counsel for appellant. The recital in the transcript of the justice of peace, which transcript has not been made a part of the statement of facts, to that effect, is not conclusive. It cannot be held on the record before us that, when the depositions were taken by the magistrate in the presence of appellant, appellant was represented by counsel.

The statute (Rem. Rev. Stat., §§ 1959, 1962 [P. C. §§ 9605, 9608]) provides that, where the person arrested is held to bail or committed to jail or forfeits his recognizance, the magistrate shall recognize the witnesses for the prosecution to be and appear in the superior court to which the party is recognized, bailed, or committed, whenever their attendance is required. Rem. Rev. Stat., § 1962 reads:

"All witnesses required to recognize with or without sureties shall, if they refuse, be committed to the county

jail by the magistrate, there to remain until they comply with such orders or be otherwise discharged according to law. Provided, that when the magistrate is satisfied that any witness required to recognize with sureties is unable to comply with such orders, he shall immediately take the deposition of such witness and discharge him from custody upon his own recognizance. The testimony of the witness shall be reduced to writing by the justice or some competent person under his direction, and he shall take only the exact words of the witness; the deposition, except the cross-examinations, shall be in the narrative form, and upon the cross-examination the questions and answers shall be taken in full. The defendant must be present in person when the deposition is taken, and shall have an opportunity to cross-examine the witnesses; he may make any objections to the admission of any part of the testimony, and all objections shall be noted by the justice; but the justice shall not decide as to the admissibility of the evidence, but shall take all the testimony offered by the witness. The deposition must be carefully read to the witness, and any corrections he may desire to make thereto shall be made in presence of the defendant, by adding the same to the deposition as first taken; it must be signed by the witness, certified by the justice, and transmitted to the clerk of the superior court, in the same manner as depositions in civil action. And if the witness is not present when required to testify in the case, either before the grand jury or upon the trial in the superior court, the deposition shall be submitted to the judge of such superior court, upon the objections noted by the justice, and such judge shall suppress so much of said deposition as he shall find to be inadmissible, and the remainder of the deposition may be read as evidence in the case, either before the grand jury or upon the trial in the court."

Doubtless in an attempt to satisfy Article I, § 22, of the state constitution, which provides that in criminal prosecutions the accused shall have the right to appear and defend in person and by counsel, to testify in his own behalf, and to meet the witnesses against him face to face, the legislature enacted Rem. Rev. Stat., § 2306, reading as follows:

"Every person accused of crime shall have the right to meet the witnesses produced against him face to face: Provided, that whenever any witness whose deposition shall

have been taken pursuant to law by a magistrate, in the presence of the defendant and his counsel, shall be absent, and cannot be found when required to testify upon any trial or hearing, so much of such deposition as the court shall deem admissible and competent shall be admitted and read as evidence in such case."

The statutory provision (Rem. Rev. Stat., § 2306) that the deposition shall be taken "in the presence of the defendant and his counsel" is mandatory. The motion to exclude the depositions should have been granted. To hold otherwise would deprive appellant of a right (to be represented by counsel) guaranteed to him by the state constitution (Art. I, § 22) and by statute (Rem. Rev. Stat., § 2306).

It is unnecessary to discuss the suggested question of constitutionality of the statute.

The judgment is reversed and the cause remanded, with direction to the trial court to grant a new trial.

SIMPSON, C. J., BLAKE, ROBINSON, and MALLERY, JJ., concur.

September 5, 1944.   Petition for rehearing denied.